UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.:

JUAN A. HERNANDEZ,
JOSE A. CHAVARRIA,
and other similarly-situated individuals,

       Plaintiffs,

v.

MIAMI INTERNATIONAL TRANSIT, INC.
and SCOTT LOWREY, individually

       Defendants.

_____/

## COMPLAINT
(OPT-IN PURSUANT TO 29 U.S.C § 216(b))

COME NOW the Plaintiffs JUAN A. HERNANDEZ and JOSE A. CHAVARRIA and other similarly-situated individuals, by and through the undersigned counsel, and hereby sue Defendants MIAMI INTERNATIONAL TRANSIT INC. and SCOTT LOWREY individually and alleges:

1. This is an action to recover money damages for unpaid overtime wages under the laws of the United States.  This Court has jurisdiction pursuant to Title 28 U.S.C. § 1337, and the Fair Labor Standards Act, 29 U.S.C. § 201-219 (Section 216 for jurisdictional placement)("the Act"),

2. Plaintiffs JUAN A. HERNANDEZ and JOSE A. CHAVARRIA are residents of Dade County, Florida, within the jurisdiction of this Honorable Court.   Plaintiffs are covered employees for purposes of the Act.

3. Corporate Defendant  MIAMI INTERNATIONAL TRANSIT INC. (hereinafter MIAMI TRANSIT) is a Florida corporation, having its main place of business in Miami-Dade County, Florida, where Plaintiffs worked for the Defendant, and at all times material hereto was and is engaged in interstate commerce.

4. Individual Defendant SCOTT LOWREY was and is now, the directors and/or owner of Defendant Corporation MIAMI TRANSIT. Defendant SCOTT LOWREY was an "employer" as defined in 29 U.S.C. § 203(d)

<u>GENERAL ALLEGATIONS</u>

5. Defendant MIAMI TRANSIT is a seafood, transportation, logistics, cold storage and distribution company which operates in Miami, Florida.

6. At all times pertinent to this Complaint, the Employer/Defendant MIAMI TRANSIT operates as Seafood/warehouse/distribution Company, which sells and/or markets its services and/or goods to customers from throughout the United States. The Employer/Defendant uses the instrumentalities of interstate commerce and otherwise regularly engages in interstate commerce, particularly with respect to its employees. Employer/Defendant employs more than two employees affecting interstate commerce. Upon information and belief, the annual gross revenue of the Employer/Defendant was at all times material hereto in excess of $500,000 per annum.  By reason of the foregoing, the Employer/Defendant MIAMI TRANSIT is and was, during all times hereafter mentioned, an enterprise engaged in commerce or in the production of goods for commerce as defined in §§ 3 (r) and 3(s) of the Act, 29 U.S.C. § 203(r) and 203(s), and is subjected to FLSA enterprise coverage.  Therefore, there is FLSA enterprise coverage.

7. The Plaintiffs were employed by an enterprise engaged in interstate commerce and Plaintiffs were warehouse workers which regularly handled/worked on goods and/or materials that were moved across State lines at any time in the course of business. Plaintiffs were directly engaged in interstate commerce by handling merchandise coming from other countries and in continued movement to out of state locations. Thus, Plaintiffs were covered employees for the purpose of the Act. By reason of the foregoing, there is FLSA individual coverage.

8. Plaintiffs JUAN A. HERNANDEZ and JOSE A. CHAVARRIA were hired by Defendant as non-exempt, hourly warehouse employees, as many others similarly situated warehouse employees.

9. Plaintiffs performed the same duties which consisted general warehouse work, such as receiving cargo, counting pieces, organizing merchandise, taking care of perishable goods, pulling orders, palletizing, shrink wrapping, moving cargo around the warehouse, cleaning, disposing of garbage etc.  Plaintiffs JUAN A. HERNANDEZ and JOSE A. CHAVARRIA worked under the orders of MIAMI TRANSIT'S Warehouse Manager. Plaintiffs never performed activities affecting the safety of operation of motor vehicles. Plaintiffs never exercised any discretion or judgment in any planning, building, placing, distribution, or balancing any pallet, container or loose cargo.  Plaintiffs never performed activities affecting the safety of operation of motor vehicles.

10. During the time that Plaintiffs JUAN A. HERNANDEZ and JOSE A. CHAVARRIA worked for Defendant MIAMI TRANSIT, they worked in excess of 40 (forty) hours per week; Plaintiff were paid for almost all their hours worked, but at their regular rate. Defendant failed to Pay Plaintiffs for every hour in excess of 40 in a week period, at the

mandatory rate of time and a half their regular rate as established by the Fair Labor Standards Act.

11. Plaintiffs JUAN A. HERNANDEZ and JOSE A. CHAVARRIA seek to recover for unpaid half-time overtime wages accumulated during all their time of employment, as allowable by law.

12. The additional persons who may become Plaintiffs in this action are weekly-paid employees and/or former employees of Defendant who are and who were subject to the unlawful payroll practices and procedures of Defendant and were not paid time and one half of their regular rate of pay for all overtime hours worked in excess of forty.

<u>**COUNT I:**</u>
<u>**WAGE AND HOUR FEDERAL STATUTORY VIOLATION;**</u>
<u>**FAILURE TO PAY OVERTIME; AGAINST ALL DEFENDANTS;**</u>
<u>**AS TO PLAINTIFF JUAN A. HERNANDEZ**</u>

13. Plaintiff JUAN A. HERNANDEZ re-adopts each and every pertinent and factual allegation as stated in paragraphs 1-12 above as if set out in full herein.

14. This action is brought by Plaintiff JUAN A. HERNANDEZ  and those similarly-situated to recover from the Employer unpaid overtime compensation, as well as an additional amount as liquidated damages, costs, and reasonable attorney's fees under the provisions of 29 U.S.C. § 201 et seq., and specifically under the provisions of 29 U.S.C. § 207.   29 U.S.C. § 207 (a)(1) states, " No employer shall employ any of his employees… for a work week longer than 40 hours unless such employee receives compensation for his employment in excess of the hours above-specified at a rate not less than one and a half times the regular rate at which he is employed."

15. Defendant MIAMI TRANSIT employed Plaintiff JUAN A. HERNANDEZ as a warehouse worker from approximately December 9, 2013 to March 5, 2016, or 107

weeks. However, Plaintiff is claiming half-time overtime for hours worked until December 30, 2015, or 107 weeks. After December 30, 2015 Plaintiff was paid for overtime hours at the correct rate.

16. Plaintiff was hired as a non-exempt hourly employee and his last regular rate was $9.50 an hour. During his time of employment Plaintiff worked an average of 54 hours per week in 2014, and 63 hours in 2015.

17. Plaintiff was paid for all his hours, but at his regular rate. Plaintiff was not paid at the rate of time and one half his regular rate for every hour worked in excess of 40, as established by the Fair Labor Standards Act.

18. Plaintiff punched in and out using a biometric time-keeping method. Plaintiff was paid with checks, but he never was provided with paystubs showing the real number of hours worked, employment taxes withheld, etc.

19. Plaintiff was employed as "warehouse employee" performing the same or similar duties as that of those other similarly-situated "warehouse employees", who Plaintiffs observed worked in excess of 40 hours per week, but that were not paid overtime at the proper rate.

20. Prior to the completion of discovery and to the best of Plaintiffs' knowledge, at the time of the filing of this complaint, Plaintiffs' good faith estimate of unpaid wages are as follows:

*Please note that these amounts are based on preliminary calculations.  Average of overtime hours worked have been taken from Plaintiff's paid hours for every week period, and that these figures could be subject to modification as new evidence could dictate.

   a. <u>Total amount of alleged unpaid wages</u>:

   Nine Thousand Three Hundred Thirty Eight Dollars and 50/100 ($9,338.50)

   b. <u>Calculation of such wages</u>:

   Total Period of Employment:  117 weeks

Total Relevant weeks of employment:  107 hours
Regular rate:  $9.50 an hour
**i.-  Period from December 9, 2013 to December 30, 2013 = 3 weeks**
Total weeks: 3 weeks
Total hours worked:  54 hours average
Overtime hours:  14 hours weekly
Regular rate: $9.50 an hour
Regular rate:  $9.50 x hour x 1.5 = $14.25 O/T rate    Half time: $4.75
O/T rate $14.25 x hour - Paid per O/T hour $9.50 = Difference $4.75 x O/T hour

$4.75 half-time x 14 O/T hours=$66.50 weekly x 3 weeks = $199.50

**ii.- Period from January 1, 2014 to December 30, 2014= 52 weeks**

Total weeks: 52 weeks
Total hours worked:  54 hours average
Overtime hours:  14 hours weekly
Regular rate: $9.50 an hour
Regular rate:  $9.50 x hour x 1.5 = $14.25 O/T rate    Half time: $4.75
O/T rate $14.25 x hour - Paid per O/T hour $9.50 = Difference $4.75 x O/T hour

$4.75 half-time x 14 O/T hours= $66.50 weekly x 52 weeks = $3,458.00

**iii.- Period from January 1, 2015 to December 30, 2015= 52 weeks**

Total weeks: 52 weeks
Total hours worked:  63 hours average
Overtime hours:  23 hours weekly
Regular rate: $9.50 an hour
Regular rate:  $9.50 x hour x 1.5 = $14.25 O/T rate    Half time: $4.75
O/T rate $14.25 x hour - Paid per O/T hour $9.50 = Difference $4.75 x O/T hour

$4.75 half-time x 23 O/T hours= $109.25 weekly x 52 weeks = $5,681.00

Total overtime I, ii, and iii: $9,338.50

   c.   <u>Nature of wages (e.g. overtime or straight time):</u>

      This amount represents the unpaid half-time overtime.

21. At all times material hereto, the Employer/Defendant MIAMI TRANSIT failed to comply

   with Title 29 U.S.C. §207 (a) (1), in that Plaintiff and those similarly-situated performed

   services and worked in excess of the maximum hours provided by the Act but no

provision was made by the Defendant to properly pay them at the rate of time and one half for all hours worked in excess of forty hours (40) per workweek as provided in said Act. The additional persons who may become Plaintiffs in this action are weekly-paid employees and/or former employees of Defendant who are and who were subject to the unlawful payroll practices and procedures of Defendant and were not paid time and one half of their regular rate of pay for all overtime hours worked in excess of forty.

22. Defendant MIAMI TRANSIT knew and/or showed reckless disregard of the provisions of the Act concerning the payment of overtime wages as required by the Fair Labor Standards Act and remains owing Plaintiff and those similarly-situated these overtime wages since the commencement of Plaintiff's and those similarly-situated employees' employment with Defendant as set forth above, and Plaintiff and those similarly-situated are entitled to recover double damages.

23. At the time mentioned, individual Defendant SCOTT LOWREY was and is now, the director and/or owner of Defendant Corporation MIAMI TRANSIT. Defendant SCOTT LOWREY is the employer of Plaintiff and others similarly situated within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)], in that this individual Defendant acted directly in the interests of Defendant employer in relation to the employees of MIAMI TRANSIT, including Plaintiff and others similarly situated. Defendant SCOTT LOWREY had operational control of the business, he was directly involved in decisions affecting employees' compensation and hours worked by Plaintiff and all other similarly situated employees and he is jointly liable for Plaintiffs' damages.

24. Defendants MIAMI TRANSIT and SCOTT LOWREY willfully and intentionally refused to pay Plaintiff overtime wages as required by the law of the United States and remain

owing Plaintiff these overtime wages since the commencement of Plaintiff's employment with Defendant MIAMI TRANSIT as set forth above.

25. Plaintiff JUAN A. HERNANDEZ  seeks to recover for unpaid half-time overtime wages accumulated since his first day of employment and/or 3 (three) years from the date of the filing of this complaint.

26. Plaintiff has retained the law offices of the undersigned attorney to represent him in this action and is obligated to pay a reasonable attorneys' fee.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff JUAN A. HERNANDEZ and those similarly-situated respectfully requests that this Honorable Court:

A. Enter judgment for Plaintiff JUAN A. HERNANDEZ  and other similarly-situated individuals, and against the Defendants MIAMI TRANSIT and SCOTT LOWREY on the basis of Defendants willful violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq.; and

B. Award Plaintiff actual damages in the amount shown to be due for unpaid overtime compensation for hours worked in excess of forty weekly, with interest; and

C. Award Plaintiff an equal amount in double damages/liquidated damages; and

D. Award Plaintiff reasonable attorneys' fees and costs of suit; and

E. Grant such other and further relief as this Court deems equitable and just and/or available pursuant to Federal Law.

## JURY DEMAND

Plaintiff JUAN A. HERNANDEZ and those similarly-situated demand trial by jury of all issues triable as of right by jury.

<u>**COUNT II:**</u>
**<u>WAGE AND HOUR FEDERAL STATUTORY VIOLATION;</u>**
**<u>FAILURE TO PAY OVERTIME; AGAINST ALL DEFENDANTS;</u>**
**<u>AS TO PLAINTIFF JOSE A. CHAVARRIA</u>**

27. Plaintiff JOSE A. CHAVARRIA re-adopts each and every pertinent and factual allegation as stated in paragraphs 1-12 above as if set out in full herein.

28. This action is brought by Plaintiff JOSE A. CHAVARRIA and those similarly-situated to recover from the Employer unpaid overtime compensation, as well as an additional amount as liquidated damages, costs, and reasonable attorney's fees under the provisions of 29 U.S.C. § 201 et seq., and specifically under the provisions of 29 U.S.C. § 207. 29 U.S.C. § 207 (a)(1) states, " No employer shall employ any of his employees… for a work week longer than 40 hours unless such employee receives compensation for his employment in excess of the hours above-specified at a rate not less than one and a half times the regular rate at which he is employed."

29. Defendant MIAMI TRANSIT employed Plaintiff JOSE A. CHAVARRIA as warehouse worker from approximately 2011 to February 26, 2016. However for FLSA purposes the relevant period of employment is from July 22, 2013 to December 30, 2015, or 127 weeks. After December 30, 2015 Plaintiff was paid for overtime hours at the correct rate.

30. Plaintiff was hired as a non-exempt hourly employee and his last regular rate was $10.00 an hour. During his time of employment Plaintiff worked an average of 50 hours weekly during 2013 and 2014, and 53 hours weekly during 2015.

31. Plaintiff was paid for all his hours, but at his regular rate. Plaintiff was not paid at the rate of time and one half his regular rate for every hour worked in excess of 40, as established by the Fair Labor Standards Act.

32. Plaintiff punched in and out using a biometric time-keeping method. Plaintiff was paid with checks, but he never was provided with paystubs showing the real number of hours worked, employment taxes withheld, etc.

33. Plaintiff was employed as "warehouse employee" performing the same or similar duties as that of those other similarly-situated "warehouse employees", who Plaintiffs observed worked in excess of 40 hours per week, but that were not paid overtime at the proper rate.

34. Prior to the completion of discovery and to the best of Plaintiffs' knowledge, at the time of the filing of this complaint, Plaintiffs' good faith estimate of unpaid wages are as follows:

*Please note that these amounts are based on preliminary calculations. Average of overtime hours worked have been taken from Plaintiff's 1099 Miscellaneous Income Report given to Plaintiff in 2014, and 2015. These figures could be subject to modification as new evidence could dictate

    a. <u>Total amount of alleged unpaid wages</u>:

    Seven Thousand One Hundred Thirty Dollars and 00/100 ($7,130.00)

    b. <u>Calculation of such wages</u>:

    Total Period of Employment:  127 weeks
    Regular rate: $10.00 an hour

    **i.-  Period from July 22,  2013 to December 30, 2013=23 weeks**
    Total number of hours worked weekly:  50 hours
    Overtime hours:  10 hours weekly
    Regular rate:  $10.00 x hour x 1.5 = $15.00 O/T rate    Half time: $5.00
    O/T rate $15.00 x hour - Paid per O/T hour $10.00 = Difference $5.00 x O/T hour

    $5.00 half-time x 10 O/T hours.= $ 50.00 weekly x 23 weeks =  $1,150.00

    **ii.-  Period from January 1,  2014 to December 30, 2014=52 weeks**
    Total number of hours worked weekly:  50 hours
    Overtime hours:  10 hours weekly
    Regular rate:  $10.00 x hour x 1.5 = $15.00 O/T rate    Half time: $5.00
    O/T rate $15.00 x hour - Paid per O/T hour $10.00 = Difference $5.00 x O/T hour

    $5.00 half-time x 10 O/T hours= $ 50.00 weekly x 52 weeks =  $2,600.00

**iii.-  Period from January 1,  2015 to December 30, 2015=52 weeks**
Total number of hours worked weekly:  53 hours
Overtime hours:  13 hours weekly
Regular rate:  $10.00 x hour x 1.5 = $15.00 O/T rate    Half time: $5.00
O/T rate $15.00 x hour - Paid per O/T hour $10.00 = Difference $5.00 x O/T hour

$5.00 half-time x 13 O/T hours= $ 65.00 weekly x 52 weeks =  $3,380.00

Total overtime i, ii, and iii:  $7,130.00

    c.  Nature of wages (e.g. overtime or straight time):

      This amount represents the unpaid half-time overtime.

35. At all times material hereto, the Employer/Defendant MIAMI TRANSIT failed to comply with Title 29 U.S.C. §207 (a) (1), in that Plaintiff and those similarly-situated performed services and worked in excess of the maximum hours provided by the Act but no provision was made by the Defendant to properly pay them at the rate of time and one half for all hours worked in excess of forty hours (40) per workweek as provided in said Act.  The additional persons who may become Plaintiffs in this action are weekly-paid employees and/or former employees of Defendant who are and who were subject to the unlawful payroll practices and procedures of Defendant and were not paid time and one half of their regular rate of pay for all overtime hours worked in excess of forty.

36. Defendant MIAMI TRANSIT knew and/or showed reckless disregard of the provisions of the Act concerning the payment of overtime wages as required by the Fair Labor Standards Act and remains owing Plaintiff and those similarly-situated these overtime wages since the commencement of Plaintiff's and those similarly-situated employees' employment with Defendant as set forth above, and Plaintiff and those similarly-situated are entitled to recover double damages.

37. At the time mentioned, individual Defendant SCOTT LOWREY was and is now, the director and/or owner of Defendant Corporation MIAMI TRANSIT.  Defendant SCOTT LOWREY is the employer of Plaintiff and others similarly situated within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)], in that this individual Defendant acted directly in the interests of Defendant employer in relation to the employees of MIAMI TRANSIT, including Plaintiff and others similarly situated. Defendant SCOTT LOWREY had operational control of the business, he was directly involved in decisions affecting employees' compensation and hours worked by Plaintiff and all other similarly situated employees and he is jointly liable for Plaintiff's damages.

38. Defendants MIAMI TRANSIT and SCOTT LOWREY willfully and intentionally refused to pay Plaintiff overtime wages as required by the law of the United States and remain owing Plaintiff these overtime wages since the commencement of Plaintiff's employment with Defendant MIAMI TRANSIT as set forth above.

39. Plaintiff JOSE A. CHAVARRIA seeks to recover for unpaid half-time overtime wages accumulated since his first day of employment and/or 3 (three) years from the date of the filing of this complaint.

40. Plaintiff has retained the law offices of the undersigned attorney to represent him in this action and is obligated to pay a reasonable attorneys' fee.

<u>PRAYER FOR RELIEF</u>

WHEREFORE, Plaintiff JOSE A. CHAVARRIA and those similarly-situated respectfully requests that this Honorable Court:

F.  Enter judgment for Plaintiff JOSE A. CHAVARRIA and other similarly-situated individuals, and against the Defendants MIAMI TRANSIT and SCOTT LOWREY

on the basis of Defendants willful violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq.; and

G.  Award Plaintiff actual damages in the amount shown to be due for unpaid overtime compensation for hours worked in excess of forty weekly, with interest; and

H.  Award Plaintiff an equal amount in double damages/liquidated damages; and

I.  Award Plaintiff reasonable attorneys' fees and costs of suit; and

J.  Grant such other and further relief as this Court deems equitable and just and/or available pursuant to Federal Law.

<u>JURY DEMAND</u>

Plaintiff JOSE A. CHAVARRIA and those similarly-situated demand trial by jury of all issues triable as of right by jury.

DATED: August 11, 2016

Respectfully submitted,

By: **_/s/ Zandro E. Palma_**
ZANDRO E. PALMA, P.A.
Florida Bar No.: 0024031
9100 S. Dadeland Blvd.
Suite # 1500
Miami, FL 33156
Telephone:   (305) 446-1500
Facsimile:    (305) 446-1502
zep@thepalmalawgroup.com
Attorney for Plaintiffs